WHATLEY, Judge.
Bryan J. Glover challenges the order of the trial court denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Glover failed to present a facially sufficient claim, we affirm the trial court’s order.
In his motion, Glover alleged that the three-year mandatory minimum term of imprisonment for trafficking in methylene-dioxymethamphetamine was illegally imposed. Glover based his claim on our opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). Taylor held that chapter 99-188, Laws of Florida, which provided for the imposition of mandatory minimum prison sentences for certain drug offenses, is unconstitutional because it violates the single subject rule of the Florida Constitution. In denying the motion, the trial court found that “[a]s of April 29, 2002, the Florida Legislature cured the single subject rule violation by reenacting the provisions originally contained in Chapter 99-188. See Chapters 2002-208— 2002-212, Laws of Florida. In so doing, the Florida Legislature provided for the retroactive application of each reenactment to July 1, 1999.” However, in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), this court has since held that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions.
If Glover’s offense occurred within the Taylor window, he is entitled to be resen-tenced under the valid law in effect at the time of the offense. See Green, 839 So.2d 748. However, Glover failed to present a facially sufficient claim for relief under rule 3.800(a) since he failed to affirmatively allege that he committed the offense on a date within the Taylor window. See Sims v. State, 838 So.2d 658 (Fla. 2d DCA 2003). Therefore, we affirm the order of the trial court without prejudice to any right Glover might have to file a facially sufficient claim. See id.
Affirmed.
CASANUEVA and SALCINES, JJ, Concur.